IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Carpenters District Council of Kansas City ) | |
| Pension Fund, et al., ) | |
|            Plaintiffs, ) | |
|    vs. ) | No. 04-1100-CV-W-FJG |
| Steve Moore d/b/a Lifestyle Interiors, ) | |
|            Defendant. ) | |

## DEFAULT JUDGMENT

Upon the motion of the Carpenters District Council of Kansas City Pension Fund, Carpenters District Council of Kansas City and Vicinity Welfare Fund, Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund, plaintiffs in the above-entitled cause for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and it appearing to the Court that:

1. On December 3, 2004, plaintiffs filed their Complaint against the defendant; and

2. The defendant was served by Special Process Server with a copy of the Summons and Complaint on December 10, 2004, at 14400 W. 100th Street, Lenexa, Kansas, and therefore the Court has jurisdiction over defendant; and

3. This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. 185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. 1132, and therefore the Court has subject matter jurisdiction over the within cause; and

4. Defendant has failed to answer or otherwise defend as to plaintiffs' Complaint, or serve a copy of any answer or other defense upon plaintiffs' attorneys of

1

record or upon plaintiffs; and on May 19, 2005, plaintiffs filed the following pleadings and caused the same to be mailed by certified mail to: Steve Moore d/b/a Lifestyle Interiors, 14400 W. 100th Street, Lenexa, Kansas 66215:

    a.    Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Application for Entry for Default as Required by Rule 55(a) Federal Rules of Civil Procedure.

    b.    Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure).

    c.    Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

5.    The Court entered an order on June 8, 2005, (Doc. #8) directing defendant to show cause why default judgment should not be entered against it and sent a copy of said Order by regular and certified mail to: Steve Moore d/b/a Lifestyle Interiors, 14400 W. 100th Street, Lenexa, Kansas 66215. To-date, no response to the show cause order has been filed.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against defendant, Steve Moore d/b/a Lifestyle Interiors, and in favor of plaintiffs, Carpenters District Council of Kansas City Pension Fund, Carpenters District Council of Kansas City and Vicinity Welfare Fund, Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund and their respective Trustees for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

## COUNT I

1.  That the plaintiff, Carpenters District Council of Kansas City Pension Fund, have and recover of and from the defendant for the period *June 26, 2002 through December 31, 2004,* in the amount of **FIVE THOUSAND, TWO HUNDRED FORTY-THREE AND 70/100 ($5,243.70) DOLLARS** as and for delinquent contributions; **NINE HUNDRED THIRTY-SIX AND 29/100 ($936.29) DOLLARS** representing liquidated damages on the unpaid contributions; **THREE HUNDRED NINETY-SEVEN AND 07/100 ($397.07) DOLLARS** representing interest on the unpaid contributions; **ONE THOUSAND, TWO HUNDRED NINETEEN AND 17/100 ($1,219.17) DOLLARS** representing reasonable attorneys' fees; **SIX THOUSAND, FIVE HUNDRED TWENTY-SIX AND 50/100 ($6,526.50) DOLLARS** representing audit costs, for a total of **FOURTEEN THOUSAND, THREE HUNDRED TWENTY-TWO AND 73/100 ($14,322.73) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2.  Defendant is ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2005,** to date.

3.  That the plaintiff, Carpenters District Council of Kansas City Pension Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have

3

been paid to employees covered by said agreements from **January 1, 2005,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters District Council of Kansas City Pension Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

## COUNT II

1. That the plaintiff, Carpenters District Council of Kansas City and Vicinity Welfare Fund, have and recover of and from the defendant for the period *June 26, 2002 through December 31, 2004* in the amount of **FOUR THOUSAND, NINE HUNDRED FIFTY-FOUR**

**AND 73/100 ($4,954.73) DOLLARS** as and for delinquent contributions; **EIGHT HUNDRED FORTY-TWO AND 80/100 ($842.80) DOLLARS** representing liquidated damages on the unpaid contributions; **THREE HUNDRED FORTY-TWO AND 53/100 ($342.53) DOLLARS** representing interest on the unpaid contributions; **SEVEN HUNDRED SEVENTY-TWO AND 14/100 ($772.14) DOLLARS** representing reasonable attorneys' fees; **FOUR THOUSAND, ONE HUNDRED THIRTY-SEVEN AND 25/100 ($4,137.25) DOLLARS** representing audit costs, for a total of **ELEVEN THOUSAND, FORTY-NINE AND 45/100 ($11,049.45) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2005,** to date.

3. That the plaintiff, Carpenters District Council of Kansas City and Vicinity Welfare Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2005,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records

has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters District Council of Kansas City and Vicinity Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

## COUNT III

1. That the plaintiff, Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund, have and recover of and from the defendant for the period *June 26, 2002 through December 31, 2004* in the amount of **THREE HUNDRED TWENTY-FOUR AND 55/100 ($324.55) DOLLARS** as and for delinquent contributions; **FIFTY-SIX AND 95/100 ($56.95) DOLLARS** representing liquidated damages on the unpaid contributions; **TWENTY-FOUR AND 06/100 ($24.06) DOLLARS** representing interest on the unpaid contributions; **FORTY AND 64/100 ($40.64) DOLLARS** representing reasonable

attorneys' fees; **TWO HUNDRED THIRTEEN AND 75/100 ($213.75) DOLLARS** representing audit costs, for a total of **SIX HUNDRED FIFTY-NINE AND 95/100 ($659.95) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is ordered to permit an accounting of defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2005,** to date.

3. That the plaintiff, Carpenters District Council of Kansas City and Vicinity Apprenticeship and Training Fund, have and recover of and from the defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2005,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of defendant's books and records has been completed and the specific total amounts due and owing by defendant to plaintiff for said period can be ascertained.

4. That the defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Carpenters District Council

of Kansas City and Vicinity Apprenticeship and Training Fund on behalf of employees working under the collective bargaining agreements.

5. That defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. 1059.

/s/Fernando J. Gaitan, Jr.
United States District Judge

Dated: __July 27, 2005___
Kansas City, Missouri

8

Case 4:04-cv-01100-FJG   Document 10   Filed 07/27/05   Page 8 of 8